**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00215 JMB |
| ) | |
| MISSOURI METROPOLITAN, ) | |
| PSYCHIATRIC CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff Jamie Jones' post-dismissal motion to amend his complaint, filed on May 5, 2025. [ECF No. 4]. After reviewing the proposed pleading, the Court will deny plaintiff's leave to amend his complaint in this action. Plaintiff's motions for leave to proceed in forma pauperis and to appoint counsel, which were filed simultaneously, will be denied as moot. *See* ECF Nos. 5 and 6.

### Background

Plaintiff Jamie Jones, a civil detainee currently being held at Metropolitan Psychiatric Center in St. Louis, Missouri, filed the instant civil rights action on February 24, 2025. [ECF No. 1]. On February 26, 2025, the Court entered an Order noting that plaintiff filed this case without paying the initial filing fee of $405 or filing a motion for leave to proceed in forma pauperis. [ECF No. 2]. Plaintiff was ordered to do one or the other within twenty-one (21) days of the date of the Order, or no later than Wednesday, March 19, 2025. *Id*.

In that same Order, the Court noted that plaintiff's initial complaint failed to state a claim as written. The entirety of his "Statement of Claim" was as follows:

> Didn't Receive treatment other then Medciatcion [sic]
> 8-21-24-Present
> Metroplotin [sic] Psych Center St. Louis Missouri
> Kidnapped
> Making Nontreatment a Punishment for the Court Room [sic]
> Prosurcuting [sic] an Incompetant [sic] Defendant

[ECF No. 1 at 3] (errors in original).

Because plaintiff's complaint was deficient as written, the Court ordered plaintiff to amend his pleading on a Court-provided form no later than Wednesday, March 19, 2025. [ECF No. 2]. When plaintiff failed to file his amended complaint and either pay the full filing fee or file a motion to proceed in forma pauperis by March 19, 2025, the Court dismissed this action for failure to prosecute on March 20, 2025. [ECF No. 3].

## Proposed Amended Complaint

Without explanation for his failure to comply with the Court's prior Order, plaintiff filed an amended complaint in this action on May 5, 2025, along with a motion to proceed in forma pauperis and a motion for appointment of counsel. *See* ECF Nos. 4-6. Plaintiff seeks to sue the Missouri Metropolitan Psychiatric Center and Dr. Lunggerfeild at the Metropolitan Psychiatric Center, who he refers to as the "Head Manager." Plaintiff's "Statement of Claim" in his amended complaint is as follows:

> Not getting one/one treatment just medication
> 8-21-24 present
> Holding me hostage so they can make their budget money
> Making confinement a punishment for the court

[ECF No. 4 at 3].

Plaintiff seeks damages of two hundred thousand dollars in the proposed amended complaint. *Id.* at 5.

**Legal Standard**

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (citing *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.,* 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980); see also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Discussion**

Plaintiff sues the Missouri Metropolitan Psychiatric Center and one of its employees, Dr. Lunggerfeild under 42 U.S.C. § 1983.[1] He appears to disagree with the treatment he has been given at the Psychiatric Center, and he seeks monetary damages as

---

[1] Where a complaint does not specify capacity for a defendant, the Court must examine the course of proceedings to determine whether the action is brought against that defendant in an individual or official capacity. *S.A.A. v. Geisler,* No. 23-3119, 2025 WL 426999, at *2-4 (8th Cir. Feb. 7, 2025). In doing so, the Court may consider various factors, including whether the plaintiff seeks punitive damages and whether the defendant has raised a qualified immunity defense. *Id.* No single factor is dispositive. *Id.* The fundamental question is whether the defendant is on notice that he is being sued in his individual capacity and that his personal liability is at stake. *Id.* In this case, plaintiff fails to state whether he is seeking punitive damages, and defendants have not yet entered the case. The Court will therefore address both official and individual capacity claims against Dr. Lunggerfeild.

4

a result. The Metropolitan St. Louis Psychiatric Center is part of the Missouri Department of Mental Health, which is an arm of the State of Missouri. Plaintiff's claims against Dr. Lunggerfeild in his official capacity and the State of Missouri are subject to dismissal.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley,* 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007).

Even if plaintiff seeks to bring this action against defendant Dr. Lunggerfeild in his individual capacity for a disagreement with his treatment at the Psychiatric Center, such an allegation does not rise to a constitutional violation.

At all relevant times, plaintiff was a civil detainee in governmental custody. Thus, his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Senty-Hougen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006). Under the Fourteenth Amendment's

due process clause, the protections of the Eighth Amendment are fully applicable to non-prisoners held in governmental custody, including civil detainees. *Id.* Accordingly, a civil detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) ("[a]lthough an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner"); *see also Youngberg v. Romeo*, 457 U.S. 307, 324-25 (1982) (recognizing states have a constitutional duty to provide medical care to civilly committed detainees).

In this case, plaintiff complains that he is not getting one-on-one treatment, and he is only getting medication. However, a mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (a showing of deliberate indifference to serious medical needs requires more than a mere disagreement with treatment decisions and is greater than gross negligence); *see also Meuir v. Greene Cty. Jail Emps.,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) ("A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation."). Accordingly, plaintiff's allegations against Dr. Lunggerfeild in his individual capacity in his amended complaint also cannot sustain a claim for relief.

## Conclusion

Because the claims in plaintiff's amended complaint fail to state a claim pursuant to 28 U.S.C. § 1915, allowing plaintiff to amend his complaint and reopen this matter would be futile. The Court will therefore deny plaintiff's motion to amend his complaint.

6

Plaintiff's motions for leave to proceed in forma pauperis and for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis in this action [ECF No. 5] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk shall return any additional filings in this closed case unless they relate to the filing of a Notice of Appeal.

Dated this 13th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE